A90A1362. EDWARDS v. THE STATE.
(397 SE2d 559)

DEEN, Presiding Judge.

The appellant, Lawrence Edwards, was convicted of kidnapping with bodily injury, aggravated assault, aggravated sodomy, rape, and use of a firearm in the commission of a felony. On appeal, he contends that the conviction for kidnapping with bodily injury is invalid because the trial court failed to instruct the jury on bodily injury.

In this case, the indictment, which was before the jury, charged Edwards with kidnapping with bodily injury and specified rape as the predicate bodily injury. During the jury charge, the trial court instructed the jury that Edwards was charged with kidnapping with bodily injury, and that if it found Edwards guilty of that offense, the form of the verdict would be "We, the jury, find the defendant guilty on Count 1, kidnapping with bodily injury." The trial court also defined kidnapping, but omitted any reference to bodily injury in that definition. In its verdict, the jury specifically found Edwards guilty of kidnapping with bodily injury.

In *Potts v. Zant*, 734 F2d 526 (11th Cir. 1984), a conviction for kidnapping with bodily injury was invalidated, where the jury was uninformed of the necessity of finding "with bodily injury." *Potts*, how-

ever, is inapposite here, because the trial court did sufficiently inform the jury of that necessary element, and the jury specifically found Edwards guilty of kidnapping with bodily injury. See *Messer v. Kemp*, 760 F2d 1080 (11th Cir. 1985). The trial court's failure to define "bodily injury" was not critical, as "the term 'bodily injury' is not a phrase which requires an elaborate explanation in order to be understood." Id. at 1093.

With regard to Edwards' contention that there was no evidence that the victim suffered any bodily injury at any point during the incident, we remind him of the victim's testimony, in which she recounted how Edwards alternated several times between raping her and forcing her to perform oral sodomy. "The rape of the victim of a kidnapping is sufficient evidence of bodily injury to authorize the conviction of the accused for kidnapping with bodily injury to the victim." *Peek v. State*, 239 Ga. 422, 427 (238 SE2d 12) (1977).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 4, 1990 —
REHEARING DENIED SEPTEMBER 24, 1990 —

*Clayton Jones, Jr., James N. Finkelstein*, for appellant.

*Britt R. Priddy, District Attorney, L. Earl Jones, Assistant District Attorney*, for appellee.