A93A1515. FERGUSON v. THE STATE.
(438 SE2d 682)

SMITH, Judge.

Eugene Ferguson was charged with thirteen crimes resulting from two incidents in which two women were raped in their apartments in the same complex. Two counts of burglary and a robbery count were dead-docketed. The trial court directed a verdict as to an armed robbery charge. A jury acquitted him of one count of rape, aggravated assault, one count of burglary, and one count of kidnapping, and found him guilty of one count of rape, OCGA § 16-6-1 (a), one count of burglary with intent to commit rape, OCGA § 16-7-1 (a), one count of kidnapping, OCGA § 16-5-40 (a), aggravated sodomy, OCGA § 16-6-2 (a), and financial transaction card theft, OCGA §§ 16-9-31 (a) (1); 16-8-2. The trial court merged the charges of rape and burglary with intent to commit rape for sentencing. Ferguson's motion for a new trial was denied.

The evidence presented at trial showed that the two victims, E. P. and H. P., lived in separate apartments at an Atlanta complex.

On the afternoon of December 19, 1991, E. P., who was 76 years old at the time of the incident, heard someone knocking on the door to the apartment across the hall and opened her door to inform the visitor that her neighbor was not at home. A man grabbed her, pushed her into her apartment, forced her into her bedroom, threatened her life, and raped her. In the late afternoon on February 25, 1992, H. P., who was 68 years old at the time, left her apartment to retrieve her mail from her box in the mail house. As she was returning to her apartment, she noticed a man following her. She began hurrying and struggled to unlock her door quickly. When she had unlocked the door, the man placed his hand over her mouth and pushed into the apartment with her. He released his grip long enough to close the door, and the victim screamed. He then pushed her to the floor and attempted to choke her before releasing her. He pulled her to the bedroom, where he raped and sodomized her. Before he left, H. P. gave him her ATM card in order to get him out of her apartment.

Detective R. T. Ford of the Atlanta Police Department was able to obtain photographs taken by a hidden camera at an ATM machine of the person attempting to use H. P.'s card. These photographs were publicized, and through past employment, the man in the photograph was identified as Ferguson. Then, using a better photograph, a photographic lineup was composed. It was made up of eight photographs, including that of Ferguson. It was shown to H. P., and she positively identified the photograph of Ferguson. On the strength of that identification, H. P. signed a warrant for Ferguson's arrest, and he was arrested. On March 12, 1992, a physical lineup was held at which E. P. also identified Ferguson as the perpetrator of the earlier crimes against her.

At trial, the State introduced evidence of a similar crime in the form of the testimony of the victim of that crime. L. C., a 74-year-old woman living in an apartment complex in DeKalb County, had been raped by an intruder in July 1990. Shortly after the rape, she had viewed a photographic lineup and had identified one photograph as resembling her attacker, but she was unable to identify him positively. She had viewed a physical lineup in March 1992, and she was certain of her identification of the man in position number four as her attacker. Detective Ford testified that the man in position number four at the lineup was Ferguson.

1. Ferguson contends the lineup identifications of him by E. P. and L. C. should have been suppressed. He argues his right to counsel under the United States and Georgia Constitutions was violated when the lineup proceeded in the absence of Ferguson's counsel, despite his earlier and repeated request that she be present. We do not agree.

Although the lineup in issue was conducted after Ferguson was

arrested and after a preliminary hearing had been held on the charges stemming from the crimes against H. P., H. P. did not view that lineup. He had not been charged with any crimes against either E. P. or L. C. at the time of the lineup. No constitutional right exists to have counsel present at a pre-indictment lineup. *Johnson v. State*, 198 Ga. App. 316 (2) (401 SE2d 331) (1991). See *Thornton v. State*, 238 Ga. 160, 161 (1) (231 SE2d 729) (1977). The constitutional right to counsel is "offense-specific." *Phillips v. State*, 204 Ga. App. 698, 700 (1) (420 SE2d 316) (1992). Although Ferguson had been charged with crimes against H. P., no adversarial proceedings had been commenced against him in connection with crimes committed upon the other two victims for whom the lineup was arranged. As to those victims, the lineup was a pre-indictment proceeding. Id. The trial court did not err by failing to suppress the lineup identification evidence.

2. Ferguson asserts the similar transaction evidence was erroneously admitted because the lineup identification by L. C. was inadmissible, and therefore no evidence existed that Ferguson was L. C.'s attacker. As we have held in Division 1 that the lineup identification evidence was admissible, this enumeration has no merit.

"[B]efore any evidence of independent offenses or acts may be admitted into evidence, a hearing must be held pursuant to Uniform Superior Court Rule 31.3 (B). At that hearing, the [S]tate must make three affirmative showings as to each independent offense or act it seeks to introduce." *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). It must show that it seeks to introduce the evidence for a proper, permitted purpose; that sufficient evidence exists to establish that the accused committed the independent offense; and that there is a sufficient similarity between the independent offense and the crime charged, "so that proof of the former tends to prove the latter." Id. The trial court must then make a determination that each of the three showings was made. Id.

The State asserted that it sought to introduce evidence of the rape of L. C. "to explain the nature of the crime, to prove his [Ferguson's] identity, and to establish his motive." This is a permissible purpose. *Guyton v. State*, 206 Ga. App. 145, 146 (1) (424 SE2d 87) (1992). Ferguson's identity as the perpetrator of the independent crime was shown by L. C.'s identification of him at the lineup, and the crimes were extremely similar. All were committed against elderly women during daylight hours by entering their apartments forcibly after the women had opened the doors. All the victims were raped and otherwise harmed physically, either by choking or hitting. The trial court properly found that all three required showings had been made. We find no error in the admission of the similar transaction evidence.

3. Ferguson maintains the trial court erred in failing to merge the

kidnapping conviction with either the rape or the aggravated sodomy conviction. He argues that here, as in *Fredrick v. State*, 181 Ga. App. 600 (2) (353 SE2d 41) (1987), the kidnapping offense was included within the rape or aggravated sodomy offense as a matter of fact because, although the body of the indictment charged him with kidnapping with bodily injury, it was styled only as kidnapping, and the trial court did not charge the jury on kidnapping with bodily injury. He asserts, therefore, that the jury was permitted to consider only kidnapping, not kidnapping with bodily injury, and that the State used up all the evidence showing kidnapping in proving the two other offenses.

First, Ferguson may not enlarge his enumeration regarding the merger of offenses to assert error in the trial court's failure to charge on bodily injury. See *Bridges v. State*, 205 Ga. App. 664, 665 (1) (423 SE2d 293) (1992). Moreover, although the court did not define the term "bodily injury," the term is commonly understood. *Edwards v. State*, 197 Ga. App. 51, 52 (397 SE2d 559) (1990). The jury was informed that Ferguson was charged with kidnapping with bodily injury and that the basis for the charge was his choking of H. P. This was sufficient. Id.

Second, there was sufficient evidence from which the jury could have found that Ferguson's action in choking H. P. before forcing her from the living room to the bedroom constituted the bodily injury necessary to establish all the elements of kidnapping with bodily injury. This crime was completed before Ferguson committed either the rape or the aggravated sodomy. Accordingly, he was properly convicted and sentenced for all three offenses. *Olsen v. State*, 191 Ga. App. 763, 764-765 (1) (382 SE2d 715) (1989).

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED DECEMBER 2, 1993.

*John R. Mayer, Robert M. Whaley*, for appellant.
*Lewis R. Slaton, District Attorney, Barry I. Mortge, Shawn E. Lagrua, Assistant District Attorneys*, for appellee.