A94A2706. KNIGHT v. THE STATE.
(453 SE2d 798)

McMurray, Presiding Judge.

Defendant was charged via indictment with a single count of rape. The evidence adduced at his jury trial showed that the victim, 22 years of age, was "mentally retarded to a certain degree. . . ." Although defendant testified that their relations were consensual, the victim testified that defendant "took [her] round side of the house, he pulled down [her] trousers, [and] he got on top of [her]. . . ." She "did [not] want him to do that . . . [but she was] scared of him[.]" Kenny Spikes described the victim as "very disturbed . . ." when she returned to the house.

The jury returned a guilty verdict. Defendant's motion for new trial was denied and this appeal followed. *Held*:

1. In his second enumeration, defendant contends the trial court erred in finding the victim competent to testify. He argues that the trial court "denied the jury the right to hear evidence concerning the victim's competency to testify."

Outside the presence of the jury, defendant interposed the following objection: [DEFENSE COUNSEL]: "I am going to object at the outset to her competency as a witness and ask the Court to examine her and make a judicial determination if she is competent to come and testify before the jury." The trial court examined the victim and determined that she understood the difference between telling

the truth and telling a lie, and so was competent to testify. Beyond noting "for the record[:] I will state my objection," defendant raised no further objection to this procedure and sought no additional ruling from the trial court.

Pursuant to OCGA § 24-9-7 (a), the trial court has broad discretion to determine the competency of a witness as a preliminary matter to the admissibility of the testimony of that witness, and the trial court's determination will not be disturbed on appeal absent an abuse of that discretion. *Howard v. State*, 212 Ga. App. 298, 300 (3), 301 (441 SE2d 759). In the case sub judice, defendant argues for the first time on appeal that the jury "was entitled to hear the testimony concerning the competency of a mentally retarded witness/victim." Defendant urged no such position below, and, in fact, presented his objection to the victim's competency as "a matter that I need to take up outside the presence of the jury." Defendant "failed to 'raise [this ground for] objection (below) and this court will not consider issues and grounds for objection, even of constitutional magnitude, which were not raised (and determined) in the trial court. (Cits.)' *Lewis v. State*, 205 Ga. App. 29, 30 (1) (421 SE2d 339)." *Gee v. State*, 210 Ga. App. 60, 61 (3) (435 SE2d 275). Moreover, defendant's objection asked for procedural relief and that relief was granted by the court's examination of the witness before she testified. If, after the trial court's preliminary determination that the victim was competent to testify, the defendant wished to show the jury her competence (and thus her credibility) was suspect, nothing in the trial court's ruling precluded that challenge before the jury. See *Goodson v. State*, 162 Ga. 178, 179 (3) (132 SE 899). See also *State v. Oliver*, 188 Ga. App. 47, 50 (2) (372 SE2d 256). " 'Counsel cannot sit by and permit some matter they could correct by timely action and later claim error.' *Harris v. State*, 237 Ga. 718, 726 (6) (230 SE2d 1) (1976)." *Fitzgerald v. State*, 193 Ga. App. 76 (4), 77 (386 SE2d 914). We find no abuse of discretion in the trial court's ruling that the victim was competent to testify against defendant.

2. In his first enumeration, defendant challenges the sufficiency of the evidence to convict.

"On appeal, our review is restricted to the legal sufficiency of the evidence, not the weight of the evidence. The jury was authorized to reject [defendant's] testimony and accept the victim's testimony. Further, we have reviewed the transcript and find sufficient evidence to authorize the jury's findings that [defendant] was guilty beyond a reasonable doubt, of the offense of (rape) [as alleged in the indictment]." (Citations and punctuation omitted.) *Willey v. State*, 209 Ga. App. 398, 399 (1) (433 SE2d 674).

3. In his third enumeration, defendant contends the trial court erred in giving the following instruction: "[I]f you believe beyond a

reasonable doubt . . . that the [female] named in the indictment . . . was not mentally capable of expressing any intelligent consent or dissent to the act of intercourse or of exercising any judgment on the matter then you would be authorized to find the defendant guilty of rape." He argues the charge is harmful error "since the jury had been denied the right to observe any witness qualification testimony."

The charge objected to is a correct statement of the law. *Payne v. State*, 207 Ga. App. 312, 316 (4) (428 SE2d 103). We have already determined in Division 1, supra, that the trial court's ruling on defendant's objection to the victim's competence did not preclude defendant from subsequently offering an additional challenge to her competence (and credibility) before the jury. Accordingly, the failure of the jury to hear such evidence is not attributable to the trial court's ruling on defendant's request for a preliminary competence hearing but is a direct consequence of defendant's conscious decision not to pursue this issue. "Thus, error, if any, was self-induced, and provides no basis for reversal. *Bess v. State*, 187 Ga. App. 185, 189 (5) (369 SE2d 784) (1988)." *Fitzgerald v. State*, 193 Ga. App. 76, 77 (7), 78, supra. This enumeration is without merit.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 1, 1995.

*Hal T. Peel,* for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney,* for appellee.