A99A0589. MALOY v. THE STATE.
(516 SE2d 370)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of rape, aggravated sodomy, and aggravated assault. Viewed in the light most favorable to the jury's verdicts, the evidence adduced at trial would authorize the following facts: The victim worked at a dance club where she met defendant. She thought they were going to start dating and agreed to accompany him to a nearby motel. Once in the room, they talked about sex. The victim agreed to have sex, but insisted that defendant use a condom. At first, defendant agreed but then changed his mind, saying, "no, I don't want to use it." The victim refused to consent to unprotected sex, and when she tried to leave the motel room, defendant grabbed her from behind and said he "wasn't ready for [her] to go yet." Defendant threw her down, "knock[ing] [her] head on the floor." With both arms around the victim's neck, defendant told her "you're going to do it. And [the victim] couldn't say anything." They struggled, and defendant bit the victim on her ear. She was still telling him no when defendant "put it in . . . [her] vagina." Defendant grabbed a fist full of the victim's hair and pulled it back. Defendant penetrated the victim's rectum while she was trying to stop him. If the victim did not do what defendant wanted her to do, "he would choke [her] again. And her head was feeling hot . . . and [her] eyes were swelling up."

Defendant left the motel room as soon as he was finished. The victim noticed blood in her eyes and went straight to a LensCrafters optical store hoping to find an eye doctor. There, the victim confided in Lashawn Tucker the events of the previous night. Specifically, the victim told Tucker "she had met a guy in a club and that he had

raped her pretty brutally and choked her . . ., and that made her eyes red. . . ." Tucker confirmed the victim agreed to consensual protected sex, but the man "didn't want to use a condom and then he proceeded to make her do it without a condom by choking her. . . ." Tucker identified State's Exhibit 1 as a photograph taken that morning at LensCrafters, showing the victim's eyes discolored from scleral hemorrhaging. Melissa Cameron, M.D. confirmed that such bleeding can be caused by choking, and that in her opinion, the victim's bleeding in this case was not caused by sneezing or coughing.

The jury found defendant guilty on all three counts. His motion for new trial was denied, and this appeal followed. In his sole enumeration of error, defendant urges the general grounds, arguing "[t]he uncorroborated testimony of a witness, whose credibility is not absolute, can never be enough to prove a defendant's guilt beyond a reasonable doubt." *Held*:

1. "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. "The credibility of a witness is a matter to be determined by the jury under proper instructions from the court." OCGA § 24-9-80. In 1978, the General Assembly "removed the corroboration requirement which was specifically a part of the previous rape statute," Code Ann. § 26-2001, now OCGA § 16-6-1 (Ga. L. 1978, p. 3 amending Ga. L. 1968, pp. 1249, 1299). *Baker v. State*, 245 Ga. 657, 664-666 (5) (266 SE2d 477). Similarly, there is no corroboration requirement for sodomy as proscribed by OCGA § 16-6-2 (a), aggravated or otherwise. *Motes v. State*, 161 Ga. App. 173-174 (3) (288 SE2d 256). Nor is corroboration required to prove aggravated assault, proscribed by OCGA § 16-5-21 (a) (2), as alleged in the indictment. Whether defendant's arms (a part of his anatomy) in the case sub judice were deadly weapons was a question of fact. See *Arnett v. State*, 245 Ga. 470, 472-473 (3) (265 SE2d 771) ("Whether fists are deadly weapons is a question for the jury.").

2. We review the evidence in the light most favorable to the jury's verdicts.

> "On appeal, our review is restricted to the legal sufficiency of the evidence, not the weight of the evidence. The jury was authorized to reject (defendant's) testimony and accept the victim's testimony. Further, we have reviewed the transcript and find sufficient evidence [under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)] to authorize the jury's findings that (defendant) was guilty beyond a reasonable doubt, of the offense of (rape) [by forcing the victim to have vaginal intercourse against her will] (as alleged in the indictment)."

*Knight v. State*, 216 Ga. App. 200, 201 (2) (453 SE2d 798). The victim's testimony in the case sub judice is also sufficient to establish the elements of aggravated assault and aggravated sodomy beyond a reasonable doubt. *Miller v. State*, 228 Ga. App. 754, 755 (1) (492 SE2d 734). The general grounds are without merit.

*Judgment affirmed. Andrews and Ruffin, JJ., concur.*

DECIDED APRIL 14, 1999 —
RECONSIDERATION DENIED MAY 4, 1999.

*Maryann F. Blend*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Aileen R. Page, Assistant District Attorneys*, for appellee.