## A00A1195. JOHNSON v. THE STATE.
(538 SE2d 766)

MILLER, Judge.

Timothy Johnson was tried before a jury and found guilty of the forcible rape of 16-year-old S. S.[1] Viewed in the light most favorable to the jury's verdict, the evidence adduced at trial revealed that S. S.

---

[6] *Republic Nat. Bank of Miami v. Fidelity &c. Co. of Md.*, 894 F2d 1255, 1263 (11th Cir. 1990).

[1] Johnson was acquitted of rape and statutory rape allegedly committed against the victim's younger sister.

recognized Johnson because "[h]e used to go with [her] sister," although she had never had a conversation with him. One day while S. S. was walking to the store, Johnson drove up beside her and started talking. He agreed to S. S.'s request to drive her to get something to eat, and she got in his car. On the way, Johnson "said he had to get something from his house," and drove S. S. to his apartment.

Once inside, Johnson led S. S. to a back bedroom and told her "he wanted to have sex with [her]." S. S. "told him no and that if he tried to touch [her] it would be rape," but Johnson did not care; he would get off because he was a detective. Johnson "pulled down [S. S.'s] pants and tried to get on top of [her]." He raised his hand, and S. S. screamed. S. S. did not want to have sex with Johnson and denied any prior sexual relationship with him. Johnson entered her vagina with his penis three times. He told S. S. to "shut up before he beat [her] to death and that if [she] told anybody that he was going to kill [her]." S. S. kicked Johnson in the stomach and ran away. She found a telephone and called the police. At the police station, she told the police and her mother what had happened.

1. The third enumeration urges the general grounds. Johnson argues that, because the victim's "testimony is replete with tales of lies and falsehoods and inconsistencies . . ." with other testimony, the evidence is insufficient as a matter of law.

> "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. "The credibility of a witness is a matter to be determined by the jury under proper instructions from the court." OCGA § 24-9-80. In 1978, the General Assembly "removed the corroboration requirement which was specifically a part of the previous rape statute," Code Ann. § 26-2001, now OCGA § 16-6-1 (Ga. L. 1978, p. 3 amending Ga. L. 1968, pp. 1249, 1299). *Baker v. State*, 245 Ga. 657, 664-666 (5) (266 SE2d 477) [(1980)].[2]

Johnson testified he had had three prior consensual sexual encounters with S. S., after which he would give her small sums of money such as $20, but on the night in question she asked for $60 to buy shoes. When Johnson refused to give her that much money, S. S. cursed him and left. Nevertheless, the jury was authorized to reject Johnson's testimony and accept the victim's testimony depicting nonconsensual, forcible intercourse.[3] The evidence is sufficient under the standard of *Jackson v. Virginia*[4] to authorize the jury's verdict that

---

[2] *Maloy v. State*, 237 Ga. App. 873, 874 (1) (516 SE2d 370) (1999).
[3] *Knight v. State*, 216 Ga. App. 200, 201 (2) (453 SE2d 798) (1995).
[4] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Johnson is guilty, beyond a reasonable doubt, of the rape alleged in the indictment.[5]

2. The trial court correctly excluded all reference to the fact that 16-year-old S. S. had a child of approximately 21 months of age. The only possible desired inference arising from the victim's motherhood is that, because she had had prior sexual experience with someone other than defendant, she consented to his indecent liberties on this occasion. Such inference is clearly prohibited under Georgia's Rape Shield Statute, OCGA § 24-2-3 (a),[6] and does not come within any exception under subsection (b). Although defendant claims this detail is vital to his impeachment of S. S., the Rape Shield Statute

> provides the exclusive means for admitting evidence relating to the past sexual behavior of the complaining witness in prosecutions for rape. The res gestae rule, impeachment techniques and other traditional means for introducing evidence which is otherwise inadmissible can have no effect in this situation.[7]

Certainly, the trial court's ruling here did not prohibit defendant from offering any relevant evidence tending to impeach S. S. by disproving any material facts to which she had testified. The first enumeration is without merit.

3. An expert testified that, in his medical opinion, the "history and the physical exam that [S. S.] gave were consistent . . . with her history of having been raped." This testimony is not subject to the objection that it goes to the ultimate issue to be decided by the jury.[8] Nor did the trial court err in restricting cross-examination of the medical witness with the victim's medical history by reference to a C-section (Caesarian section birth) and the victim's last reported voluntary intercourse. The Rape Shield Statute prohibits cross-examination of the complaining witness or other witnesses about the complaining witness's past sexual behavior, including but not limited to cross-examination about the complaining witness's "marital history, mode of dress, general reputation for promiscuity, nonchastity, or

---

[5] *Malloy v. State*, supra, 237 Ga. App. at 874 (2).

[6] *Johnson v. State*, 146 Ga. App. 277, 279 (1) (246 SE2d 363) (1978) (testimony that alleged victim was not a virgin inadmissible to prove defendant's reasonable belief in consent).

[7] Id. at 280 (2). Accord *Logan v. State*, 212 Ga. App. 734, 735-736 (1) (a) (442 SE2d 883) (1994) (whole court).

[8] *Atkins v. State*, 243 Ga. App. 489, 490-496 (2) (533 SE2d 152) (2000) (whole court). Compare *Allison v. State*, 256 Ga. 851, 853 (6) (353 SE2d 805) (1987) (expert's opinion that a child had in fact been sexually abused inadmissible, as that conclusion is not beyond the ken of the average layman juror).

sexual mores contrary to the community standards."[9] The second enumeration is without merit.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED AUGUST 28, 2000.

*John R. Greco*, for appellant.

*Paul L. Howard, Jr., District Attorney, David E. Langford, Anna E. Green, Assistant District Attorneys*, for appellee.