A04A0763. PEREZ et al. v. THE STATE.
(596 SE2d 191)

ANDREWS, Presiding Judge.

Michael L. Perez and Benjamin B. Hodges were indicted on one count each of aggravated sodomy and two counts each of aggravated sexual battery. During jury deliberations in their joint trial on these charges, the trial court sua sponte declared a mistrial because of juror misconduct. Perez and Hodges appeal from the trial court's denial of their plea in bar claiming retrial is barred on double jeopardy grounds. Because we find no abuse of discretion in the trial court's conclusion that there was a manifest necessity for the declaration of a mistrial, we affirm the denial of the plea in bar.

---

After the evidence was closed and jury deliberations had begun, an alternate juror informed the trial court that she witnessed an incident of juror misconduct. The alternate said that, during a break in the deliberations, she and four of the regular jurors went to lunch together at a restaurant and saw the family of one of the defendants enter the restaurant. When the family entered, the alternate heard one of the other jurors say in the presence of all the jurors, "Now here's our chance to make five thousand dollars." The alternate further reported that, shortly thereafter, one of the male family members walked past their table to go to the restroom, and the male juror who made the improper remark jumped up suddenly and followed the family member into the restroom. The alternate reported that she and the other three jurors at the table waited for a few minutes for the male juror to emerge from the restroom, and that, while they waited, she and one of the jurors remarked in the presence of the others that "he should not be in there with that man." When the male juror did not emerge within a few minutes, the alternate and the other three jurors left the restaurant together.

Based on this report, the trial court individually questioned all the jurors in the presence of defense counsel and the prosecutor. None of the jurors recalled any improper conduct by another juror, and although the four jurors who were with the alternate at the restaurant recalled seeing the family of one of the defendants, none of them recalled anything unusual at the restaurant. When the trial court specifically asked the male juror at issue if he had made the alleged comment at the restaurant, he initially denied it and said he only remarked they could get the defendant's family to pay for lunch. But after further questioning, he admitted making a comment in the presence of the other jurors about "our chance to make five thousand dollars," but said he was only joking. He also admitted he was in the restroom with a member of the defendant's family, but he denied saying anything to the member. After all the jurors were questioned, one of the jurors who was at the restaurant with the alternate asked to return and speak with the trial court. The juror told the court in the presence of defense counsel and the prosecutor she now remembered that, when the defendant's family entered the restaurant, the male juror at issue made a comment to the effect, "Now's our chance to make a buck," but that she took it as a joke.

In the ensuing colloquy between the trial court, defense counsel, and the prosecutor about whether a mistrial should be declared, defense counsel took the position that the juror who made the improper comment should not be removed from the jury and the trial should proceed. Defense counsel stated, however, that if the trial court removed the juror at issue for misconduct, then all of the other

jurors who heard the improper comment and saw the juror subsequently go into the restroom with the family member should also be removed. The trial court ultimately concluded that the juror who made the improper comment should be removed from the jury and that the other jurors at the restaurant should also be removed because the improper conduct they heard and saw could taint their consideration of the case. Because there were not enough remaining alternate jurors to replace the removed jurors, the trial court declared a mistrial.

Jeopardy attaches once a jury is impaneled and sworn, and a defendant has a valuable right under the Double Jeopardy Clause to be tried by the original impaneled jury. *Pleas v. State*, 268 Ga. 889, 890 (495 SE2d 4) (1998); *Tubbs v. State*, 276 Ga. 751, 754 (583 SE2d 853) (2003). When the trial court sua sponte interrupts the proceedings to declare a mistrial without the defendant's consent or over his objection, a retrial is nevertheless permissible if a manifest necessity existed for declaring the mistrial. *Smith v. State*, 263 Ga. 782, 783 (439 SE2d 483) (1994); *Foody v. State*, 205 Ga. App. 666 (423 SE2d 423) (1992). A manifest necessity exists when the defendant's right to have the trial completed must be subordinated to the public interest in affording the prosecutor a fair opportunity to present evidence to an impartial jury, and "the ends of substantial justice cannot be attained without discontinuing the trial." (Citation and punctuation omitted.) *Tubbs v. State*, 276 Ga. at 754; *Laster v. State*, 268 Ga. 172, 173 (486 SE2d 153) (1997). The trial court's decision that there was a manifest necessity to grant a mistrial is entitled to great deference. *Tubbs v. State*, 276 Ga. at 754.

> A trial judge has acted within his sound discretion in rejecting possible alternatives and in granting a mistrial, if reasonable judges could differ about the proper disposition, even though in a strict, literal sense, the mistrial is not necessary. This great deference means that the availability of another alternative does not without more render a mistrial order an abuse of sound discretion. Deference to the judge's sound discretion also precludes a reviewing court from assuming, in the absence of record evidence, that the trial judge deprived a defendant of constitutional rights.

(Citations and punctuation omitted.) Id.

The trial court found a manifest necessity for declaring a mistrial based on the removal of four jurors and an alternate juror because of juror misconduct. Generally, whether or not misconduct by a juror is so prejudicial as to require removal and a mistrial is in the discretion of the trial court. *Cooke v. State*, 230 Ga. App. 326, 327 (496 SE2d 337)

(1998). Under the circumstances, we find the trial court did not abuse its discretion by concluding that manifest necessity required the declaration of a mistrial. Accordingly, there was no error in the denial of the plea in bar.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED FEBRUARY 19, 2004 —
RECONSIDERATION DENIED MARCH 4, 2004 — ▮▮▮▮▮▮▮▮

*Johnson, Word & Simmons, Gerald P. Word,* for appellants.
*Peter J. Skandalakis, District Attorney, Rudjard M. Hayes, Assistant District Attorney,* for appellee.