## A05A0158. GARTRELL v. THE STATE.
(613 SE2d 226)

JOHNSON, Presiding Judge.

Marvin Gartrell was found guilty of kidnapping with bodily injury, aggravated child molestation, rape, aggravated sodomy, aggravated assault and possession of a knife during the commission of a crime. He appeals from the judgment of conviction entered on the jury's verdict, challenging the sufficiency of the evidence to support the verdict and contending that the trial court erred in allowing hearsay evidence. Neither contention has merit, so we affirm his convictions.

1. On appeal the evidence must be viewed in the light most favorable to support the verdict, and an appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1]

So viewed, the evidence shows that 13-year-old K. C. had just finished babysitting at a friend's apartment when the children's parents came home. K. C. was socializing with the parents when someone knocked on the door. The children's father opened the door and let Gartrell inside. The father called Gartrell by his first name and introduced him to the victim. Gartrell, who appeared to be under the influence of alcohol, began harassing K. C. and asking her questions about her sexual experience and whether she would be interested in sleeping with anyone. K. C. struck him on the head with a beer bottle, and the children's father made Gartrell leave the apartment.

K. C. decided to go for a short walk outside to "cool off." As she walked down the street, she passed two men. One of the men grabbed her from behind, pushed her down onto the roadway, then dragged her into a wooded area. The assailant threatened to kill K. C. if she screamed. The victim saw a shiny object, which she believed might have been a knife. It was after midnight and very dark outside, so she was not able to see the object or the men well. The assailant forced the victim to the rear of a vacant mobile home. He demanded that the victim perform oral sex on him and threatened to kill her if she refused. The victim complied.

The man then forced the victim to enter the mobile home through an open window. Once inside, the assailant raped the victim three times. There was no light source inside the structure, so the most the

---

[1] *McClammy v. State*, 238 Ga. App. 47 (517 SE2d 588) (1999).

victim could see was her assailant's hand when he lit a cigarette; from this, she was able to discern the assailant's race. The victim passed out.

The next morning, the victim awoke to see her attacker lying next to her. It was light outside, and the victim could now see the man clearly. She recognized him as the man she had met at the apartment the night before. He fondled her breasts and raped her a fourth time. He threatened to slit her throat and to kill "every living thing in [her] house" if she did not cooperate or if she told anyone. The victim managed to escape through an open window.

Police investigating the crime scene found a knife beside the bed where the victim was raped. They also found Gartrell's DNA on a cigarette butt found on the windowsill in the bedroom. A Georgia Bureau of Investigation (GBI) agent who interviewed the victim noted that she had a bloody ear (as if an earring had been ripped out of her ear), and abrasions and bruises on her neck, forehead, shoulder, breast, buttocks and legs.

Gartrell urges that the evidence was insufficient because no seminal fluid was found during a physical examination of the victim, the victim was not sure which of the two men grabbed her from behind, the victim could not see either man well in the dark and the physical injuries she suffered may have resulted from her climbing through the window. The evidence was sufficient.

The testimony of a single witness is generally sufficient to establish a fact.[2] The law does not require that the victim's testimony be corroborated by physical evidence.[3] It was for the jury to determine whether the victim was credible, and the jury was authorized to accept the victim's testimony.[4] A rational trier of fact could have found from the evidence presented that Gartrell committed the charged crimes beyond a reasonable doubt.[5]

2. Gartrell complains that the trial court erred in permitting a GBI agent to testify regarding statements the victim made to other law enforcement officers. According to Gartrell, the testimony constituted inadmissible hearsay. This enumeration presents no basis for reversal.

The agent testified that he interviewed the victim, and added that "the victim's story was consistent with what she had told the initial responding officers." The agent did not relate any of the details

---

[2] OCGA § 24-4-8; *Maloy v. State*, 237 Ga. App. 873, 874 (1) (516 SE2d 370) (1999).

[3] See *Maloy*, supra.

[4] See id. at 874 (2).

[5] See generally *Ferguson v. State*, 211 Ga. App. 218, 221 (3) (438 SE2d 682) (1993); *Edwards v. State*, 197 Ga. App. 51 (397 SE2d 559) (1990).

of the statements the child made to the other officers. Gartrell objected, claiming the testimony constituted hearsay. The state replied that it had invoked the Child Hearsay Statute,[6] and that the consistency between the child's out-of-court statements was therefore relevant. The trial court overruled the objection.

In determining whether a child's out-of-court statement is reliable and admissible as evidence, the court may consider the consistency between repeated out-of-court statements.[7] Furthermore, the child was present at trial, testified as a witness, and was subject to cross-examination by the defense. Thus, Gartrell had the opportunity to cross-examine the child in the presence of the jury regarding the child's memory of and the circumstances surrounding her making of each of the statements in question, and had the opportunity to allow the jury to judge the child's demeanor in response to any cross-examination about the previous statements. In fact, Gartrell did cross-examine the victim about her previous out-of-court statements to the officers. Inasmuch as Gartrell was provided a full opportunity for confrontation regarding the prior statements, this enumeration is without merit.[8]

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED APRIL 12, 2005.

*Harold W. Wallace III*, for appellant.
*Dennis C. Sanders, District Attorney, Durwood R. Davis, Assistant District Attorney*, for appellee.

---

[6] OCGA § 24-3-16.
[7] See *Gregg v. State*, 201 Ga. App. 238, 240 (3) (b) (411 SE2d 65) (1991).
[8] Id. at 241 (3) (c).