A06A0469. DAVIS v. THE STATE.
(629 SE2d 537)

JOHNSON, Presiding Judge.

Calvin Davis was tried before a jury and convicted of kidnapping, burglary, aggravated sodomy, rape, false imprisonment and giving a

---

false name to police. He appeals, challenging the sufficiency of the evidence and a jury charge. The challenges are without merit and we therefore affirm Davis' conviction.

1. Davis claims that the evidence does not support the jury's verdict finding him guilty of kidnapping, burglary, aggravated sodomy, rape and false imprisonment because there is no evidence that the victim did not consent to having sex with him. Contrary to Davis' claim, there is sufficient evidence supporting the jury's verdict.

On appeal from a criminal conviction, the appellant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the jury's verdict.[1] We do not weigh the evidence or determine witness credibility, but ascertain only whether a rational trier of fact could have found the essential elements of the crimes charged beyond a reasonable doubt.[2]

Viewed in the light most favorable to the verdict, evidence shows that on the night of July 10, 2002, Davis told the victim that he worked for the railroad and that he had a trailer beside the railroad tracks where they could go to smoke crack cocaine. The victim went with Davis in order to smoke, but when they got to the tracks, they did not go into a trailer. Instead, Davis grabbed the victim by the arm, took her pocketbook, told her not to scream or he would kill her, and forced her into an empty boxcar. Inside the boxcar, Davis ordered the victim to take off her clothes and lie down. Davis then forcibly inserted his penis into the victim's mouth and vagina. According to the victim's repeated testimony, the sexual acts were done against her will and without her consent.

After the assault, Davis refused to let the victim leave the boxcar and demanded that she again have oral sex with him. When Davis turned his back on the victim, she jumped out of the boxcar and ran to a nearby train engine. The victim, who was still nude, crying and covered in blood, jumped into the engine and told the engineer that she had just been raped. The engineer called the police, who arrived a short time later. A subsequent medical examination revealed that the victim had scratches on her arms and breasts, abrasions and bruises on her legs, and a large bruise on her back. Davis' semen was also found in the victim's vagina.

"The testimony of a single witness is generally sufficient to establish a fact."[3] In the instant case, the victim unequivocally testified that Davis forced her into the boxcar, threatened to kill her, and had both vaginal and oral sex with her against her will and

---

[1] *Treadwell v. State*, 272 Ga. App. 508 (1) (613 SE2d 3) (2005).

[2] Id. at 508-509.

[3] OCGA § 24-4-8.

without her consent. There is also circumstantial evidence consistent with the victim's lack of consent, including her fleeing from the boxcar while still naked, her outcry to the train engineer that she had been raped, and her bodily injuries. It is thus apparent that the premise of Davis' challenge to the sufficiency of the evidence — that there is no evidence of the victim's lack of consent — is wholly without merit. Accordingly, we find sufficient evidence from which the jury was authorized to conclude that Davis is guilty of the crimes charged beyond a reasonable doubt.[4]

2. Davis complains that the trial court's recharge to the jury on the issue of consent was erroneous because it was not responsive to the question propounded by the jury. We find no error.

During deliberations, the jury sent a note to the judge with this question: "What is the legal definition of consent in relation to persons under the influence of alcohol or drugs or mentally ill?" In response, the judge read to the jury the same charge that he had previously given on the definition of rape, including instructions that lack of consent on the part of the alleged victim is an essential element of the crime that the state must prove beyond a reasonable doubt, and that consent induced by force, fear or intimidation does not amount to consent in law.

The judge then gave another charge that he had not previously given, instructing the jury that "[i]f you find that the alleged victim was not mentally capable of exercising judgment or expressing intelligent consent or objection to the act of intercourse, then you would be authorized to find the defendant guilty of rape."

Davis' attorney did not object to the portion of the recharge which simply repeated the previous charge defining rape and discussing the element of lack of consent, stating to the judge that the charge as originally given is appropriate. Davis' attorney did, however, take exception with the additional charge on the grounds that it was an improper comment on the evidence and that it had not been properly requested by the state.

Neither of these grounds has been raised by Davis on appeal. Rather, as recited above, his sole enumerated error is that the recharge was not responsive to the jury's question. Because the enumeration of error raised on appeal is different from that raised in the trial court, there is nothing for us to review. "It is well settled that

---

[4] See *Johnson v. State*, 245 Ga. App. 690, 691-692 (1) (538 SE2d 766) (2000); *Maloy v. State*, 237 Ga. App. 873, 874-875 (2) (516 SE2d 370) (1999).

a reason urged by enumeration of error on appeal which is different from that urged below will not be considered for the first time on appeal."[5]

Furthermore, we note that the portion of the recharge to which Davis objects, concerning the victim's mental capability to exercise judgment or express intelligent consent or objection to the act of intercourse, is a correct statement of the law.[6] Such a recharge in response to a specific question lies within the trial court's discretion.

> Where a jury, which has been fully and properly charged, requests a recharge on a specific question, it is within the discretion of the trial court whether to recharge entirely or to recharge only on the specific question. It is not error to recharge only on the specific question so long as the recharge taken alone does not leave an erroneous impression in the minds of the jury.[7]

Davis has failed to show that the trial court's correct statement of the law left an erroneous impression in the minds of the jurors, and we thus find no reversible error.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED MARCH 31, 2006.

*A. Lee Hayes, Mark T. Phillips*, for appellant.
*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.

---

[5] (Citations omitted.) *Brantley v. State*, 177 Ga. App. 13, 14 (1) (338 SE2d 694) (1985).

[6] See *Knight v. State*, 216 Ga. App. 200, 201-202 (3) (453 SE2d 798) (1995).

[7] (Citation omitted.) *Colkitt v. State*, 251 Ga. App. 749, 752 (2) (555 SE2d 121) (2001).