### A09A0963. BIRDSONG v. THE STATE.
(680 SE2d 159)

BLACKBURN, Presiding Judge.

Barry Birdsong appeals from the denial of his plea in bar of former jeopardy, arguing that the trial court improperly granted the State's motion for mistrial on the ground that cross-examination of the victim (Birdsong's ex-wife) violated the Rape Shield Statute.[1] For the reasons set forth below, we affirm.

"The appellate standard of review of a grant or denial of a double jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion." (Punctuation omitted.) *Leonard v. State.*[2] In this matter, the record shows that following his alleged attack on his then estranged wife, Birdsong was indicted on one count of kidnapping with bodily injury, one count of rape, three counts of aggravated assault, one count of aggravated battery, one count of making terroristic threats, one count of possession of a firearm during the commission of a crime, and one count of family violence battery. Prior to trial, the State filed a motion to exclude any character evidence regarding Birdsong's wife that violated OCGA § 24-2-3. On the day of Birdsong's trial, before the jury was seated, the State requested that its motion be addressed; however, Birdsong's counsel noted that there were exceptions to the Rape Shield Statute but that the case was "not about that." Consequently, the trial court did not rule on the State's motion at that time.

As the first witness called at trial, Birdsong's wife testified that on January 1, 2007, she and Birdsong were separated, but that she went to Birdsong's house to retrieve their son's video game console. She further testified that after she entered the house, Birdsong dragged her into the bedroom, threatened to kill her while poking her in the chest and face with a shotgun, and forced her to have sexual intercourse before releasing her under the threat that she had one hour to move back into the home. On cross-examination, Birdsong's counsel asked the wife if she was familiar with names of several different men and how she knew them. After asking Bird-

---

[1] OCGA § 24-2-3.
[2] *Leonard v. State*, 275 Ga. App. 667, 667-668 (621 SE2d 599) (2005).

song's wife if she and Birdsong had consensual sexual intercourse during the separation but prior to the incident, defense counsel asked: "After [the incident], do you have sex often?" The State immediately lodged an objection, which the trial court sustained, and the jury exited the courtroom so that the issue could be discussed outside its presence. During that discussion, Birdsong's counsel argued that Birdsong's wife had been engaging in sexual intercourse with other men after the incident and that the Rape Shield Statute did not preclude him from impeaching her claim that she was traumatized by the incident by asking her about those other sexual encounters. The State disagreed and moved for a mistrial on the ground that the victim had been prejudiced in the eyes of the jury. Agreeing that Birdsong's counsel had violated the Rape Shield Statute, the trial court granted the State's motion and declared a mistrial. Thereafter, the State re-indicted Birdsong on the same charges. Birdsong filed a plea in bar of former jeopardy, which the trial court denied after a hearing on the matter. This appeal followed.

1. Birdsong contends that the trial court erred in denying his plea of former jeopardy, arguing that the mistrial was improperly granted because his cross-examination of the victim did not violate the Rape Shield Statute. This contention is without merit.

The Rape Shield Statute (OCGA § 24-2-3)

> prohibits admitting the past sexual behavior of an alleged rape victim unless the trial court finds that the past behavior directly involved the participation of the defendant and further finds that the behavior supports an inference that the defendant could have reasonably believed that the victim consented to the conduct at issue.

*Jennings v. State.*[3] Such "evidence may also be admitted on a finding that it is so highly material that it will substantially support a conclusion that the accused reasonably believed that the complaining witness consented to the conduct complained of and that justice mandates admission of such evidence." (Punctuation omitted.) *Williams v. State.*[4] The statute "is a strong legislative attempt to protect the victim-prosecutrix in rape cases by the exclusion of evidence which might reflect on the character of the witness without contributing materially to the issue of the guilt or innocence of the accused." (Punctuation omitted.) *Smith v. State.*[5] Given this purpose, "there appears no meaningful distinction between sexual

[3] *Jennings v. State*, 292 Ga. App. 149, 153 (2) (a) (664 SE2d 248) (2008).
[4] *Williams v. State*, 263 Ga. App. 597, 598 (1) (588 SE2d 790) (2003).
[5] *Smith v. State*, 294 Ga. App. 692, 697 (3) (670 SE2d 191) (2008).

behavior before and after the crime, so that evidence of 'past sexual behavior' includes evidence of any sexual behavior by the victim before trial." *Williams*, supra, 263 Ga. App. at 599 (1). See *Murrell v. Ricks*.[6]

In this matter, Birdsong specifically cross-examined his wife as to how often she had engaged in sexual intercourse after the alleged rape. This question undisputedly concerned his wife's past sexual behavior and was therefore subject to the restrictions of the Rape Shield Statute. See OCGA § 24-2-3 (a). Thus, unless the questioned sexual behavior directly involved the participation of Birdsong and supported an inference that he could have reasonably believed that his wife consented to the sexual intercourse for which he was being prosecuted, the question was improper. See OCGA § 24-2-3 (b); *Jennings*, supra, 292 Ga. App. at 153 (2) (a). However, Birdsong makes no such argument here. In fact, during the colloquy with the State's prosecutor and the court that occurred prior to the mistrial being declared, Birdsong's counsel argued that the Rape Shield Statute was not applicable in this matter whatsoever because his question was intended to show that the wife was engaging in behavior that was not indicative of having been traumatized as she claimed. At the hearing on Birdsong's plea of former jeopardy, his counsel reiterated this argument, stating that his question to Birdsong's wife was intended to impeach her credibility under the theory that she would not have been having consensual sex with other men if she had truly been raped.

Birdsong's argument is without merit. OCGA § 24-2-3 (b)

> provides the exclusive means for admitting evidence relating to the past sexual behavior of the complaining witness in prosecutions for rape. The res gestae rule, impeachment techniques and other traditional means for introducing evidence which is otherwise inadmissible can have no effect in this situation.

(Punctuation omitted.) *Johnson v. State*.[7] See *Logan v. State*.[8] Furthermore, Birdsong's contention that the Rape Shield Statute is not applicable because his counsel's question about sex with other men was more focused on impeaching the wife as to whether the aggravated battery actually occurred is equally without merit. In

[6] *Murrell v. Ricks*, 280 Ga. 427, 429 (627 SE2d 546) (2006).

[7] *Johnson v. State*, 245 Ga. App. 690, 692 (2) (538 SE2d 766) (2000).

[8] *Logan v. State*, 212 Ga. App. 734, 735-736 (1) (a) (442 SE2d 883) (1994).

*Osterhout v. State*,[9] we held that the Rape Shield Statute applied to aggravated assault charges that were being prosecuted in conjunction with a rape charge arising from the same attack. We find no logical reason or authority, nor does Birdsong present any, for the proposition that OCGA § 24-2-3 should not apply to a related aggravated battery count in a rape case. See *Osterhout*, supra, 266 Ga. App. at 321 (1); *McBride v. State*.[10] Accordingly, the trial court did not err in finding that Birdsong's cross-examination of his wife violated the Rape Shield Statute.

2. Birdsong contends that the trial court erred in denying his plea of former jeopardy, arguing that there was no manifest necessity for declaring a mistrial. We disagree.

"Once a jury is impaneled and sworn, jeopardy attaches and a defendant is entitled to be acquitted or convicted by that jury. If a mistrial is declared without the defendant's consent or over his objection, he may be retried only if there was a manifest necessity for the mistrial." (Punctuation omitted.) *Howell v. State*.[11]

> A manifest necessity exists when the defendant's right to have the trial completed must be subordinated to the public interest in affording the prosecutor a fair opportunity to present evidence to an impartial jury, and the ends of substantial justice cannot be attained without discontinuing the trial.

(Punctuation omitted.) *Perez v. State*.[12] "The trial court's decision that there was a manifest necessity to grant a mistrial is entitled to great deference." Id. In fact,

> [a] trial judge has acted within his sound discretion in rejecting possible alternatives and in granting a mistrial if reasonable judges could differ about the proper disposition, even though in a strict, literal sense, the mistrial is not necessary. This great deference means that the availability of another alternative does not without more render a mistrial order an abuse of sound discretion. Deference to the judge's sound discretion also precludes a reviewing court from assuming, in the absence of record evidence, that the trial judge deprived a defendant of constitutional rights.

---

[9] *Osterhout v. State*, 266 Ga. App. 319, 321 (1) (596 SE2d 766) (2004).
[10] *McBride v. State*, 247 Ga. App. 767, 771 (2) (545 SE2d 332) (2001).
[11] *Howell v. State*, 266 Ga. App. 480, 487 (3) (597 SE2d 546) (2004).
[12] *Perez v. State*, 266 Ga. App. 82, 84 (596 SE2d 191) (2004).

(Punctuation omitted.) *Tubbs v. State*.[13]

Furthermore, in three cases involving the same defendant, this Court, the Supreme Court of Georgia, and the United States Court of Appeals for the Eleventh Circuit have held that the introduction of evidence prohibited by the Rape Shield Statute gives a court grounds to find manifest necessity for a mistrial. *State v. Abdi*;[14] *Abdi v. State*;[15] *Abdi v. Georgia*.[16] In fact, "a single unanswered question by defense counsel about the victim's sexual history may alone give rise to the manifest necessity for a mistrial." *Banks v. State*.[17] Where "the remarks by defense counsel are in violation of [the Rape Shield] law, declaration of a mistrial is certainly in implementation of a legitimate state policy." (Punctuation omitted.) *Abdi*, supra, 249 Ga. at 829.

Here, prejudice was created by the deliberate and improper question that defense counsel asked Birdsong's wife. In denying Birdsong's plea of former jeopardy, the trial court explained that admonishing defense counsel in front of the jury for his improper question and instructing the jury to ignore the question would have been "essentially telling the jury that there's something there." The court then went on to discuss the purpose of the Rape Shield Statute, stating:

> The whole object of the Rape Shield is to get away from the historic mindset that people have had that if you're a woman that contends you've been raped, she has to prove her chastity before the guilt can be established upon the defendant for raping her. We've gotten away from that. . . . Her conduct in other situations is not material anymore. . . . When you get down to prejudice and biases, they run deep and jurors can be inflamed by one question. That's the problem. There's no way to disabuse their mind of it.

Based on these comments, the trial court clearly determined that any sort of corrective instruction would have only brought more attention to the improper question, and therefore it believed that it was necessary to declare a mistrial. In doing so, the court did not abuse its discretion. See *Banks*, supra, 230 Ga. App. at 263 (3). Birdsong "does not have the right to force the State either to endure

---

[13] *Tubbs v. State*, 276 Ga. 751, 754 (3) (583 SE2d 853) (2003).

[14] *State v. Abdi*, 162 Ga. App. 20, 22 (288 SE2d 772), aff'd, 249 Ga. 827 (294 SE2d 506) (1982).

[15] *Abdi v. State*, 249 Ga. 827, 829 (294 SE2d 506) (1982).

[16] *Abdi v. Georgia*, 744 F2d 1500, 1502-1504 (11th Cir. 1984).

[17] *Banks v. State*, 230 Ga. App. 258, 263 (3) (495 SE2d 877) (1998).

a prejudiced trial or forego prosecution entirely." (Punctuation omitted.) *Height v. State.*[18] Accordingly, the trial court did not err in denying Birdsong's subsequent plea in bar of former jeopardy.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED JUNE 12, 2009.

*C. Samuel Rael,* for appellant.

*David McDade, District Attorney, James A. Dooley, Jeffrey L. Ballew, Assistant District Attorneys,* for appellee.

---

[18] *Height v. State,* 212 Ga. App. 410, 411 (442 SE2d 8) (1994).