## S00A1626. NORWOOD v. THE STATE.

(541 SE2d 373)

BENHAM, Chief Justice.

This appeal is from O'Dell Norwood, Jr.'s conviction for felony murder.[1] The testimony at trial showed that Norwood, Mosley, and Moss went to Fowler's home to collect $10 which Fowler had refused to pay because the drugs for which the money was owed were fake. Moss testified at trial that Norwood, gun in hand, entered the home with Mosley, a fight ensued, a shot was fired, and the three of them ran away. When they gathered again at Norwood's cousin's home, he gave her the gun for safekeeping and told the others that he had shot Fowler in the chest. His cousin gave the weapon to the police, who determined that it was the weapon which killed Fowler. Norwood admitted to police officers that he had shot Fowler in an attempt to rob him.

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find Norwood guilty of felony murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Jones v. State*, 265 Ga. 138 (1) (454 SE2d 482) (1995).

2. Some eight months after the conviction, Norwood produced an affidavit of a person who worked with Moss in which she averred that Moss told her that Mosley committed the crime. Norwood's sole enumeration of error on appeal is that the trial court erred in denying his motion for new trial based on the affidavit. In support of his assertion of error, Norwood relies on *Fugitt v. State*, 251 Ga. 451 (1) (307 SE2d 471) (1983), for the proposition that a conviction based on testimony which is knowingly and wilfully false cannot stand. The flaw in Norwood's argument is that the affidavit regarding Moss's post-trial statement is merely impeaching of Moss's testimony and does not establish as fact that the testimony was knowingly and wilfully false.

> "That a material witness for the State, who at the trial gave direct evidence tending strongly to show the defendant's guilt, has since the trial made statements even under oath

---

[1] The crime was committed on June 27, 1995, and Norwood was indicted for murder on August 22, 1995. A jury trial conducted November 28-December 1, 1995, resulted in a verdict of guilty of felony murder for which the trial court sentenced Norwood to life imprisonment on December 5, 1995. A motion for new trial filed January 3, 1996, and amended on February 11, 1997, was denied on April 9, 1997. Norwood's notice of appeal was filed on May 13, 1997, and this Court dismissed the appeal as untimely on November 21, 1997. A motion for out-of-time appeal filed February 4, 2000, was granted on February 14, 2000, and a notice of appeal was timely filed on April 14, 2000, pursuant to an extension granted by the trial court. The record was docketed in this Court on June 16, 2000, and the appeal was submitted on the briefs.

that [his] former testimony was false, is not cause for a new trial. Declarations made after the trial are entitled to much less regard than sworn testimony delivered at the trial. . . . The only exception to the rule against setting aside a verdict without proof of a material witness' conviction for perjury, is where there can be no doubt of any kind that the State's witness' testimony in every material part is purest fabrication." [Cit.] A recantation impeaches the witness' prior testimony. [Cit.] However, it is not the kind of evidence that proves the witness' previous testimony was the purest fabrication. See, e.g., *Fugitt v. State*, [supra] (the evidence offered was extrinsic proof that the witness' testimony was physically impossible; consequently, the trial court was able to determine the truth of the matter without having to take into account the witness' credibility). In this case, [Norwood] presented no such evidence of "pure fabrication" to the court below or to this Court. Therefore, the trial court properly denied the motion. [Cits.]

*Johnson v. State*, 236 Ga. App. 764 (1) (513 SE2d 291) (1999).
*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 22, 2001.

*William D. Phillips*, for appellant.
*Charles H. Weston, District Attorney, Myra H. Kline, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Tammie J. Philbrick, Assistant Attorney General*, for appellee.