## A01A0099. GRANT v. THE STATE.
(546 SE2d 339)

Blackburn, Chief Judge.

Harvey Lee Grant appeals his conviction of the sale of cocaine contending that the evidence was insufficient to support his conviction and that the trial court erred in allowing the introduction of similar transaction evidence. For the reasons set forth below, Grant's conviction is affirmed.

1. Grant contends that the State failed to produce sufficient evidence of the perpetrator's identity in order to support his conviction.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Grant] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The . . . verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) Kovacs v. State.[1] See Jackson v. Virginia.[2]

In the present case, both Agent Mark Brown, with the Tri-Circuit Drug Task Force, and Don Ellis, police informant, identified Grant as the person who sold cocaine to Brown. Immediately after the drug purchase, Brown described the perpetrator as a black male with a scar on his face, weighing approximately 180 to 200 pounds and measuring between five feet seven inches to five feet eleven inches tall. The description of Grant contained in Grant's arrest report describes him as having four gold caps on his front upper teeth and a mustache. The arrest report does not mention a scar on his

[1] Kovacs v. State, 227 Ga. App. 870-871 (1) (490 SE2d 539) (1997).
[2] Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

face. Grant contends that because the descriptions are different, he was not adequately identified. However, Agent Brown explained that the drug transaction occurred on February 20, 1998, and the arrest did not take place until June 23, 1998. So Grant's appearance could have changed in that time.

Additionally, within an hour of the transaction, Agent Brown reviewed a photographic lineup compiled by another investigator. Agent Brown identified Grant's picture as the perpetrator of the drug transaction. The jury also reviewed a videotape of the transaction. The videotape did not reveal Grant's face; however, in the audio portion of the tape, the informant clearly refers to "Harvey Lee." No evidence was presented regarding mistaken identity.

The jury properly resolved the issue of identification based upon the credibility of the witnesses. *Kovacs*, supra.

2. Grant contends that the trial court erred in admitting similar transaction evidence impugning his character.

The present crime was a drug buy on the street in Glennville. Agent Brown drove to the drug buy location with the police informant. They made two trips to the same location in a short period of time. Grant was present during the first transaction but was not directly involved. Upon Agent Brown's return to the same area, the informant asked Grant to come to the car, and Grant refused. Grant told the informant to get out of the car. The informant got out of the car and joined Grant on the porch whereupon he purchased $20 worth of crack cocaine from Grant. Agent Brown informed Grant that he wanted to purchase $40 worth of crack cocaine. Grant told Agent Brown to get out of the car, but Agent Brown said he would toss the money on the ground and Grant could put the cocaine on the ground. Grant then approached the vehicle and made the sale.

The similar transactions were also sale of crack cocaine cases. Therein, Agent Hutchins and a police informant parked on a side street in Glennville, and the informant recognized Grant. The informant called to Grant to come over to the car, but Grant required the informant to get out of the car and come to him. The informant arranged for a buy of $400 worth of crack cocaine. While they waited for the cocaine, Grant walked over to Agent Hutchins' car and talked about whether they wanted the cocaine in large or small rocks. A young man walked up to the car and handed Grant the cocaine. Grant then gave the cocaine to the informant and took $400 from Agent Hutchins.

The second similar transaction took place two weeks after the first one in the same location. Again, Agent Hutchins and a confidential informant were driving around looking for crack cocaine. After telling an unknown male that they were looking for crack, Grant approached the agent's car with about 15 black males. An argument

ensued because some of the men were accusing the agent of working with the Georgia Bureau of Investigation. Grant eventually made the sale of $500 in crack cocaine to the confidential informant, away from the agent's car.

> To render evidence of another crime admissible, two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Additionally, the court is required] to find that the evidence will be introduced for an appropriate purpose and not to raise an improper inference as to the accused's character.

(Punctuation, footnote and emphasis omitted.) *Evans v. State*.[3] After these criteria are met, "the trial court retains the sound legal discretion to exclude relevant similar crimes evidence on the ground that its probative value is substantially outweighed by the danger of unfair prejudice." (Punctuation omitted.) *Smith v. State*.[4]

The exercise of this discretion requires that the court consider whether "the State's *need* for the similar transaction evidence outweigh[s] the prejudice inherent to the defendant." (Emphasis supplied.) *Phillips v. State*.[5] "This consideration consists of at least two questions. First, is the issue for which the State is introducing the evidence a genuinely disputed issue? . . . Second, does the State need this evidence to prove the issue, or can the fact be proved otherwise?" *Smith*, supra at 292-293.

"Here, the State's need for extrinsic evidence relevant to the disputed issue of identity is undisputed. The question is whether the extrinsic crime was sufficiently similar to the crime charged so as to have authorized the trial court to admit it in evidence." *Evans*, supra at 580. On appeal, the trial court's determination on the issue of similarity or connection of similar transaction evidence should not be disturbed unless it is clearly erroneous. Id.

In the present case, the trial court determined that (1) the similar transaction evidence was admissible to show identity, motive, and state of mind; (2) there was sufficient evidence to establish that the accused committed the independent offense; and (3) there was a sufficient connection of similarity between the independent offenses and the crime charged so that proof of the former tended to prove the lat-

---

[3] *Evans v. State*, 235 Ga. App. 577, 580 (3) (510 SE2d 313) (1998).
[4] *Smith v. State*, 232 Ga. App. 290, 292 (1) (501 SE2d 523) (1998).
[5] *Phillips v. State*, 215 Ga. App. 526, 527 (4) (451 SE2d 517) (1994).

ter. The trial court's determination regarding the similarity of the independent offenses and the crime charged is not clearly erroneous.

Both the independent offenses and the crime charged deal with purchases of crack cocaine from Grant standing on the streets of Glennville. In all instances, the police informant was required to leave the car, and Grant was reluctant to sell to the agents. These similarities are sufficient to support the introduction of the similar transaction evidence to prove identity, motive, and state of mind. *Evans*, supra.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 22, 2001.

*Barbara J. Nelson*, for appellant.

*J. Thomas Durden, Jr., District Attorney, Joe G. Skeens, Assistant District Attorney*, for appellee.