## A02A1226. FREEMAN v. THE STATE.
(570 SE2d 669)

MIKELL, Judge.

A jury convicted Leondra Freeman of aggravated assault. On appeal from the denial of his motion for new trial, Freeman argues that the trial court erred in sustaining the state's objection to a question posed on recross-examination and in refusing to charge the jury on reckless conduct. Freeman also raises the general grounds. Finding no error, we affirm.

On appeal the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. Moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1] The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2]

Viewed in the light most favorable to the verdict, the evidence adduced at trial shows that at approximately 11:30 p.m. on January 1, 1999, Gerald Lavon Baker went to a bar after work. Baker testified that when the bar closed at 2:00 a.m., he walked to the rear of the parking lot to speak with an old high school friend named "Michelle."

According to Baker, while he was talking to Michelle, Freeman and three other men approached them, tried to engage Michelle in conversation, and urged Baker to leave. When Michelle ignored Freeman and continued talking to Baker, Freeman became aggravated and violent, swearing at Baker. Freeman pulled a gun from his waistband and told Baker he had three seconds to get out of there. Then Freeman fired one shot in the air. Baker testified that he tried to defuse the situation. However, according to Baker, Freeman said, "oh, you haven't left yet? You're not running yet FN?" Then he pointed the gun at Baker and shot him. The bullet went through Baker's wrist and then entered his thigh.

Baker went to his car to retrieve his firearm. He testified that he was afraid that Freeman might be "coming to finish the job." Baker also admitted that retaliation might have been in his mind. He fired a shot in the air, but then the gun jammed. In any event, by the time Baker returned to where he had been shot, Freeman was gone.

Baker was accompanied in the parking lot by a friend, Kirby Cooper. Cooper testified that Freeman, whom he knew as "Tyree," told Baker, "I'll give you three seconds to move from this area."

---

[1] *Grant v. State*, 248 Ga. App. 203 (1) (546 SE2d 339) (2001), citing *Kovacs v. State*, 227 Ga. App. 870-871 (1) (490 SE2d 539) (1997).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

According to Cooper, Freeman then pointed a pistol at Baker and shot him. Cooper testified that Baker did not have a gun on his person at the time.

Latrish M. Baldwin, a cousin of Baker, was also in the parking lot when the shooting occurred. She testified that she heard two gunshots, and that when she looked up, she heard Baker say that he had been shot. Baldwin then saw Freeman run in front of her car with a gun in his right hand. Baldwin accompanied Baker to his car, trying to calm him down. Baldwin also testified that Baker retrieved his gun and shot it once in the air, and that the gun jammed.

Corporal Chuck Murray of the Brunswick Police Department, the lead investigator on the case, testified that Freeman made a voluntary, spontaneous statement when he was served with the arrest warrants. Freeman inquired, "what can I do about this?" When Murray asked what Freeman meant, he replied, "I didn't have the gun on me. Someone gave me the gun."

Freeman testified that when he approached the young lady to whom Baker was speaking, Baker was "pulling on her and she was trying to tell him to leave." Freeman claimed that Baker began cursing at him and threatened to blow his brains out. According to Freeman, Baker then reached inside his pants "like he was reaching for a gun. . . . So I fired a shot up in the air and told him to take his hand out his pants. He was like you just better get away. So I shot down at the ground." Freeman testified that when he shot at the ground, "you could see the dust. I know he wasn't hit." Freeman claimed Baker walked off and fired two shots "and that's when I started walking."

1. OCGA § 16-5-21 (a) (2) provides that aggravated assault is committed when a person assaults "[w]ith a deadly weapon or with any . . . instrument which, when used offensively against a person, is likely to or actually does [cause] serious bodily injury." As Freeman correctly notes, the crime requires proof of only a general intent to injure.[3] General intent to injure may be proven by circumstantial evidence and is a question of fact for the jury to decide.[4] Contrary to Freeman's argument, the evidence presented at trial was more than sufficient for the jury to find this essential element of the crime beyond a reasonable doubt.

2. On recross-examination, defense counsel asked Baker whether he was right-handed or left-handed. The state objected, arguing that the question was outside the scope of redirect examination. The court sustained the objection. Counsel thanked the court, did not except to the ruling, and did not argue the relevance of the

---

[3] *Cline v. State*, 199 Ga. App. 532, 533 (2) (405 SE2d 524) (1991).
[4] Id.

testimony. Appellate counsel concedes that the question exceeded the scope of redirect examination and that defense counsel overlooked it while cross-examining Baker. "The trial court has discretion to limit the scope of recross-examination, which is not intended for the introduction of new matter."[5] In the instant case, we conclude that the trial court did not abuse its discretion by prohibiting the question as beyond the scope of redirect. Moreover, having failed to make any exception to this ruling, Freeman has waived his right to object to the ruling on appeal.[6]

3. Finally, Freeman argues that the trial court erred in refusing his oral request to charge the jury on reckless conduct as a lesser included offense. "Absent a written request for a charge on a lesser included offense, made at or before the close of the evidence, the failure to so charge is not error. *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354) (1976)."[7] This enumeration is meritless.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED AUGUST 30, 2002.

*Patrick C. Kaufman*, for appellant.

*Stephen D. Kelley, District Attorney, Charles K. Higgins, Assistant District Attorney*, for appellee.

---

[5] *Scott v. State*, 227 Ga. App. 900, 902 (4) (d) (490 SE2d 208) (1997).
[6] *Gober v. State*, 249 Ga. App. 168, 173 (3) (547 SE2d 656) (2001).
[7] *Howe v. State*, 250 Ga. 811, 813 (2) (301 SE2d 280) (1983).