A06A1892. MORALES v. THE STATE.
(635 SE2d 325)

BLACKBURN, Presiding Judge.

Following a jury trial, Cesar Morales appeals his conviction for aggravated assault, arguing that the court erred in failing to give two jury instructions. We hold that the overall jury charge substantially covered the principles of one requested jury instruction and that Morales's failure to submit a written request for a charge on a lesser included crime waives that issue. Accordingly, we affirm.

Construed in favor of the verdict, *Short v. State*,[1] the evidence shows that while riding in a vehicle, Morales, who belonged to a gang, spotted a member of a rival gang walking nearby and pointed him out to Morales's fellow gang members in the vehicle. The vehicle stopped, and Morales and a fellow gang member ran after the rival until Morales hit the rival with a rock and then held him down while Morales's fellow gang member stabbed him with a knife.

Morales was indicted on one count of aggravated assault for his part in the knife stabbing. At trial, Morales submitted a written jury charge on "parties to a crime" and during the charge conference orally requested a charge on the lesser included offense of simple assault. The court declined to give the charge on the lesser offense and gave the pattern instructions on "parties to a crime" and "mere presence." Morales reserved his exceptions to the charge, and the jury found him guilty of aggravated assault. Following the denial of his motion for new trial, Morales appeals.

[8] *State v. Brown*, 278 Ga. App. 457, 460-462 (629 SE2d 123) (2006).
[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

1. Morales first asserts that the court erred in failing to give his requested instruction on "parties to a crime," which included the additional language that "[m]ere presence at the scene of the crime and mere approval of the criminal act do not amount to sufficient evidence to establish that a defendant is a party to the crime." Cf. *Smith v. State*[2] ("[p]resence at the scene of a crime, even when coupled with knowledge and approval, not amounting to encouragement, is not sufficient to show that defendant is a party"). However, "[i]t is axiomatic that a trial court does not err in refusing to give a requested instruction in the exact language requested where the charges given in their totality substantially and adequately cover the principles contained in the requested charge." *Massey v. State*.[3]

Here, the trial court gave (a) the applicable portions of the pattern instruction on "parties to a crime" (which generally tracks the statutory language of OCGA § 16-2-20 — see Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Vol. II, Sec. 1.42.10, pp. 36-37 (3d ed. 2003)) and (b) the entire pattern instruction on "mere presence," which reads:

> A jury is not authorized to find a person who was merely present at the scene of the commission of a crime at the time of its perpetration guilty of consent in and concurrence in the commission of the crime, unless the evidence shows, beyond a reasonable doubt, that such person committed the alleged crime, helped in the actual perpetration of the crime, or participated in the criminal endeavor.

Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Vol. II, Sec. 1.43.30, p. 38 (3d ed. 2003). This charge substantially and adequately covered the principle that mere approval of the criminal act (not amounting to encouragement) is insufficient. See *Turner v. State*.[4] See also *Tumlin v. State*.[5]

2. Morales also argues that the court erred in failing to give a charge on the lesser included offense of simple assault. But "[t]he record contains no written request for a charge on the law of [simple assault]. Absent a written request for a charge on a lesser included offense, made at or before the close of the evidence, the failure to so charge is not error." (Punctuation omitted.) *Young v. State*.[6] "Appellant's *oral* request to give such a charge [is] not sufficient." (Emphasis

[2] *Smith v. State*, 188 Ga. App. 415, 416 (1) (373 SE2d 97) (1988).
[3] *Massey v. State*, 270 Ga. 76, 78 (4) (508 SE2d 149) (1998).
[4] *Turner v. State*, 216 Ga. App. 896, 899 (3) (456 SE2d 241) (1995).
[5] *Tumlin v. State*, 274 Ga. 309, 310 (3) (553 SE2d 592) (2001).
[6] *Young v. State*, 280 Ga. 65, 68 (10) (623 SE2d 491) (2005).

20

in original.) *Weathers v. State*.[7] See *Freeman v. State*[8] (oral request is insufficient). Accordingly, this matter is waived.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED AUGUST 8, 2006.

*Carl P. Greenberg*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.

[7] *Weathers v. State*, 198 Ga. App. 871, 872 (4) (403 SE2d 449) (1991).
[8] *Freeman v. State*, 257 Ga. App. 232, 234 (3) (570 SE2d 669) (2002).
[1] OCGA § 9-11-56 (c).
[2] *Burkett v. Liberty Mut. Fire Ins. Co.*, 278 Ga. App. 681, 682 (629 SE2d 558) (2006).