A06A1585. HOPSON v. THE STATE.
(636 SE2d 702)

MILLER, Judge.

Following a jury trial, Jason Kyle Hopson was convicted of rape. On appeal, Hopson contends that the trial court erred in (1) prohibiting him from recross-examining certain witnesses and (2) charging the jury on the victim's capacity to consent. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that the victim and a female friend attended a party at Zoo Atlanta that was sponsored by a local radio station. After consuming some alcohol, the victim and her friend met Hopson, who invited the women to have a drink with him and his friends. Each of the women drank alcohol from a bottle that Hopson and his friends were sharing. Hopson started a conversation with the victim and attempted to flirt with her, but the victim became uncomfortable, and she and her friend left Hopson and his friends to go to another area of the party.

The victim and her friend had a few more drinks, and the victim's friend became ill. While the victim waited for her friend outside a restroom, Hopson approached the victim again. Hopson put his arm around her and attempted to kiss her, but the victim refused and tried to move away from him.

When the victim's friend returned from the restroom, Hopson offered the friend a glass of what appeared to be water. The friend took a sip from the glass before giving it to the victim, who then drank "quite a bit" of it. Within minutes, the victim felt dizzy and light-headed, and was unable to move or understand words being spoken to her. Her friend, who was disoriented and vomiting, did not see what was happening to the victim. Hopson then dragged the semiconscious victim to a secluded and restricted area of the zoo, where he raped her.

A Zoo Atlanta maintenance worker later found the victim unconscious in the restricted area, with her pants pulled down and her shirt lifted, with Hopson standing near her and pulling his pants up. Hopson left the scene when he saw the maintenance worker, and the worker summoned security to help the victim. The police later found Hopson in another area of the party.

1. Hopson contends that the trial court erred in disallowing his recross-examination of (a) the victim regarding the manner in which she responds to men in whom she is not interested and regarding her onset of rectal pain following the incident with Hopson, and (b) a treating nurse regarding the meaning of "labs sent" in relation to blood tests. We disagree.

The admission of evidence at trial is within the sound discretion of the trial court. *Scott v. State*, 227 Ga. App. 900, 902 (4) (490 SE2d 208) (1997). Although a party is entitled to a thorough and sifting cross-examination, the trial court may, in its discretion, restrict the scope of cross-examination to the relevant issues. Id. Similarly, a trial court has broad discretion to limit the scope of recross-examination, which is not intended for the introduction of new matter. *Freeman v. State*, 257 Ga. App. 232, 234 (2) (570 SE2d 669) (2002).

(a) At trial, the victim testified on direct examination regarding her lack of interest in Hopson and that she had experienced rectal pain after the encounter with Hopson. The victim did not know,

however, whether Hopson had penetrated her anus in addition to her vagina during the rape. On cross-examination, Hopson's counsel attempted to show that (i) the victim may have been interested in Hopson and (ii) her rectal pain did not arise until well after her encounter with Hopson had ended. On redirect, the victim emphasized that she continually gave Hopson signs that she was not interested in him, and that she did not know whether Hopson had penetrated her anus.

In light of the testimony that had already been given, the trial court prohibited Hopson's counsel from recross-examining the victim regarding her manner of dealing with men in whom she is not interested and the source of her rectal pain. Since the requested recross-examination would merely have covered the same issues that had already been explored in the victim's earlier testimony, we find no abuse of discretion in the trial court's decision to prohibit the requested recross-examination here. See, e.g., *Scott*, supra, 227 Ga. App. at 902 (4) (d).

(b) Hopson's counsel cross-examined the victim's treating nurse about the meaning of the expression "labs sent" in the victim's medical records, and the witness explained that the expression meant that blood was drawn from the victim and the sample was sent to a lab for testing. On redirect, the State asked if the witness knew what the lab would be testing the blood sample for, and the witness responded that she did not. The trial court thereafter did not allow Hopson's counsel to recross-examine the witness regarding the meaning of "labs sent" in relation to the time that the sample was actually sent to the lab.

The trial court did not abuse its discretion in limiting the scope of recross-examination here, as the meaning of "labs sent" had already been covered in defense counsel's cross-examination, and the further cross-examination of the witness requested by defense counsel would have gone beyond the scope of the State's redirect. See *Freeman*, supra, 257 Ga. App. at 234 (2).

2. Hopson claims that the court's charge to the jury on the victim's ability or lack thereof to consent was improper. This Court, however, has previously held that a charge with identical language to the charge given here is proper. See *Davis v. State*, 278 Ga. App. 628, 631 (2) (629 SE2d 537) (2006); *Knight v. State*, 216 Ga. App. 200, 201-202 (3) (453 SE2d 798) (1995). Hopson's argument is therefore without merit.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 12, 2006.

*Sexton, Key & Hendrix, Lee Sexton, Joseph S. Key*, for appellant.

*Paul L. Howard, Jr., District Attorney, Ayana C. Curry, Assistant District Attorney*, for appellee.