## S07A0108. YANCEY v. THE STATE.

(641 SE2d 524)

SEARS, Chief Justice.

James Yancey was convicted in 2004 of felony murder and two counts of aggravated assault for his role in the shooting death of Gregory Ferrell III and the aggravated assault of Terrell Lofton.[1] Yancey appeals, arguing that the evidence was insufficient to sustain his convictions. We affirm.

1. The evidence presented at trial showed that on August 22, 1998, Yancey was driving his mother's Dodge Acclaim, looking for drugs. Yancey located Marqus "Blue" Brown, the local drug dealer, and attempted to take some drugs without paying for them. Brown testified that, during the struggle, the car was knocked into gear and crashed into a brick wall.

Meanwhile on the same day, 15-year-old Gregory Ferrell III and 18-year-old Terrell Lofton were running errands in Lofton's Oldsmobile Delta 88, which Lofton had recently purchased from the drug dealer Brown. As Ferrell and Lofton were about to pull away from the parking lot outside Lofton's Fulton County apartment, a light-colored church van pulled up alongside them. Before they were able to leave, their car came under a barrage of gunfire from the van. Lofton was shot multiple times but survived, while Ferrell died at the scene.

The police located the van nearby with the windows knocked out and 13 shell casings inside that matched those found at the scene. A witness testified that prior to the shooting, he had given the van to

---

[1] The crimes were committed on August 22, 1998. On December 17, 1999, Yancey was indicted by a Fulton County grand jury for malice murder, felony murder, and two counts of aggravated assault. In 2000, Yancey was convicted of felony murder and both counts of aggravated assault, but those convictions were reversed by this Court based on the violation of Yancey's right of confrontation. *Yancey v. State*, 275 Ga. 550 (570 SE2d 269) (2002). Yancey was retried on all counts except malice murder. On February 3, 2004, a Fulton County jury convicted Yancey of all the remaining counts. He received a life sentence for felony murder and a consecutive twenty-year sentence for one count of aggravated assault. The other aggravated assault conviction was vacated as a matter of law. Yancey moved for a new trial on February 5, 2004. A hearing on the motion was held on November 17, 2004, and the trial court denied the motion on November 29, 2004. Yancey was granted an out-of-time appeal on June 21, 2005. Yancey filed a timely notice of appeal on June 22, 2005, and amended that notice on May 12, 2006. The case was docketed in this Court on September 20, 2006, and submitted for decision on the briefs.

Yancey's brother in exchange for drugs. Police also found Yancey's wrecked Dodge Acclaim near the same location where they found the van.

Lofton's description of the driver of the van matched Yancey's appearance, and he identified Yancey as the driver in a photographic lineup and at trial. The drug dealer Brown provided a tip to the police and also identified Yancey as the man with whom he had fought over drugs earlier the same day. An arrest warrant was issued for Yancey on August 31, 1998. Although the police searched diligently for him, Yancey was not located and arrested until March 12, 1999.

Yancey claims that even if the evidence showed that he was the driver of the van, there is no evidence that the driver actually participated in the shootings. Yancey was convicted as a party to the crime, however, and the fact that he may not have actually fired the gun does not affect his convictions. Under OCGA § 16-2-20 (a), "[e]very person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime."[2] "Although mere presence at the scene of the crime is insufficient grounds for a conviction, [people] can be guilty as a party to the crime if they intentionally aid, abet, encourage, facilitate, assist, or are otherwise concerned in the commission of the acts that constitute the crime."[3] Yancey's claim that being the driver of the van would not authorize his convictions is meritless.

After reviewing the evidence in the light most favorable to the jury's verdict, we conclude that there was sufficient evidence for a rational trier of fact to find Yancey guilty of the crimes for which he was convicted.[4]

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 26, 2007.

*Carl P. Greenberg*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney, Thurbert E. Baker, Attorney General, Edwina M. Watkins, Assistant Attorney General*, for appellee.

---

[2] See also OCGA § 16-2-21 ("Any party to a crime who did not directly commit the crime may be indicted, tried, convicted, and punished for the commission of the crime upon proof that the crime was committed and that he was a party thereto.").

[3] *Glenn v. State*, 278 Ga. 291, 294 (602 SE2d 577) (2004).

[4] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).