## S10A1053. COOPER v. THE STATE.

(700 SE2d 593)

BENHAM, Justice.

On September 28, 2004, appellant Roderick Cooper[1] rode in a car with Carla Simmons, Torrell Young, and Donnie Murphy, to the home of Paul Rucker in Banks County. Simmons and Young went to the house, and Simmons offered to have sex with Rucker for money. Young, Cooper and Murphy drove up the road for a few minutes. Upon returning, Young and Murphy entered Rucker's house while appellant stayed in the car. Young and Murphy went into the bedroom and Simmons ran out of the house. Murphy assaulted Rucker with a bottle, while Young ransacked the bedroom looking for Rucker's wallet. Simmons testified that she urged appellant to go into the house to see about Young and Murphy. Murphy testified that appellant entered the room and pointed his gun at Rucker and asked for money and then Young took the gun and demanded money from Rucker. Appellant and Young left the bedroom,[2] found a computer in the living room, took it outside, and placed it in the car. Meanwhile, Murphy strangled Rucker to death. The four drove off, and Murphy threw the bottle he used to assault the victim outside the car window onto a roadway near the victim's house. The four then drove to a gas station where Murphy wiped the blood from his person, discarded his bloody garments and put on a pair of pants appellant gave him. Upon leaving the gas station, Young drove to an acquaintance's house to sell the stolen computer and used the money raised therefrom to buy crack for himself, Murphy and Simmons, who were all addicts. The next day, Young took Murphy's shoes and disposed of them. At trial, the medical examiner testified that the cause of the victim's death was blunt force trauma to the head complicated by asphyxia by

---

[1] Appellant was tried with Torrell Young and Carla Simmons in January 2007. (Donnie Murphy pled guilty and was not tried.) On January 31, 2007, a jury convicted appellant, as a party to the crime, of malice murder, felony murder (aggravated assault), felony murder (conspiracy to distribute cocaine), two counts of burglary, attempted armed robbery (with a bottle), aggravated battery, aggravated assault (hands and feet), one count of tampering with evidence (bottle); and, in his own capacity, convicted him of armed robbery (with a handgun), attempted armed robbery (with a handgun), two counts of aggravated assault, two counts of tampering with evidence (clothes and handgun), conspiracy to distribute cocaine, and carrying a firearm by a first offender probationer. Appellant was sentenced to life in prison for malice murder and armed robbery, twenty years consecutive for each count of burglary, ten years concurrent for each count of attempted armed robbery, ten years concurrent for each count of tampering with evidence, and five years consecutive for carrying a firearm by a first offender probationer. All other counts merged or were vacated as a matter of law. Appellant filed a motion for new trial on February 12, 2007, and amended the motion on July 27, 2009. The trial court denied the motion on August 6, 2009 and appellant timely filed his notice of appeal on August 28, 2009. The case was docketed to the April 2010 term and was submitted for consideration on the briefs.

[2] At the time appellant and Young left the bedroom, the victim was still alive.

manual strangulation.

1. The evidence as described above was sufficient for a rational trier of fact to find beyond a reasonable doubt appellant guilty as a party to the crime of murder, burglary, tampering with evidence (bottle), armed robbery, and attempted armed robbery (with a bottle). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA § 16-2-20. The evidence was also sufficient under *Jackson v. Virginia*, supra, to find appellant guilty of attempted armed robbery (with a gun), tampering with evidence (discarding of clothes), and possession of a firearm by a first offender probationer.

2. The evidence was insufficient to convict appellant for tampering with evidence in regard to the gun. The indictment alleged that appellant "with the intent to obstruct the prosecution of another, did knowingly conceal physical evidence, to wit: a gun. . . ." At trial, there was evidence that appellant had a gun on his person at the victim's home. However, the State did not present any evidence as to what, if anything, appellant did with the gun. In the absence of any evidence that appellant intentionally and "knowingly destroy[ed], alter[ed], conceal[ed], or disguise[d] physical evidence," (OCGA § 16-10-94 (a)), he cannot be convicted for tampering with evidence. The State's reliance on the mere fact that the police did not recover the gun is insufficient to prove appellant tampered with evidence in order to obstruct the prosecution of another as alleged in the indictment. See *Chastain v. State*, 255 Ga. 723 (4) (342 SE2d 678) (1986) (in the absence of evidence that the defendant placed a knife in the hand of the victim, defendant could not be convicted of tampering with evidence). See also *Merritt v. State*, 285 Ga. 778 (2) (683 SE2d 855) (2009) (mere repositioning of victim's body insufficient to show perpetrator intended to frustrate his apprehension or obstruct the prosecution). Accordingly, appellant's conviction for tampering with evidence regarding his gun is reversed.

3. Appellant contends his convictions should be reversed for prosecutorial misconduct. At the motion for new trial hearing, Murphy testified that his trial testimony as to appellant's involvement in the crimes charged was false and procured by the prosecutor in order to obtain a plea bargain. Appellant contends this, along with the revocation of Simmons' plea deal after she made statements in contradiction of her plea hearing testimony and appellant's assertion that he refused to give false testimony to the prosecutor in exchange for a plea deal, proves that the prosecutor knowingly allowed false evidence to be presented to the jury in violation of due process. We disagree. A post-trial statement purporting to state that trial testimony was false is merely impeaching of the trial testimony and insufficient to require a new trial in the absence of evidence that the trial testimony was of the purest fabrication. *Norwood v. State*, 273

Ga. 352 (541 SE2d 373) (2001). Murphy's testimony at the motion for new trial hearing not only carries less weight because it is post-trial (id.), but it is also suspicious as Murphy only recanted when appellant came to be in the same prison cell block as Murphy. See *Peralta v. State*, 276 Ga. 218, 219 (2) (576 SE2d 853) (2003) (trial court noted witness made a post-trial statement professing that he gave false testimony at defendant's trial in order to avoid being perceived as a snitch). The trial court did not err when it did not credit Murphy's motion for new trial testimony. *Norwood v. State*, supra, 273 Ga. 352-353. Since Simmons was not privy to what occurred in the house after she ran out and appellant did not present any evidence at trial that Simmons' testimony was false, the revocation of her plea deal was inapposite as was appellant's rejection of his plea deal offer. The trial court did not err in finding there was no misconduct warranting a new trial.

4. Appellant alleges that it was improper for him to be sentenced for both counts of burglary. We disagree. As we stated in *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006):

> Under the "required evidence" test, . . . "[t]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

Here, appellant was charged in Counts 4 and 5 in the indictment with the crimes of burglary. Count 4 of the indictment provides in relevant part: "the accused . . . while acting as a party of the crime with Donald Murphy, unlawfully, without authority and with an intent to commit a felony therein, to wit: aggravated assault, did enter the dwelling house of another, to wit Paul Rucker. . . ." Count 5 provides: "the accused . . . while acting as a party of the crime with Donald Murphy, unlawfully, without authority and with an intent to commit a theft therein, did enter the dwelling house of another, to wit Paul Rucker. . . ." The facts show that Murphy entered the house once without permission and, at that time, assaulted the victim. Appellant entered the house after Murphy had already started assaulting the victim, and, while unlawfully inside the house, appellant brandished a gun and demanded money from the victim and then stole the victim's computer. Since there were two separate unlawful entries and two different intents, there were two separate burglaries under the required evidence test, and the two did not merge for sentencing purposes. Id. Accordingly, the trial court did not err in sentencing appellant for two counts of burglary.

5. Appellant contends he cannot be convicted of malice murder as a party to the crime and also convicted of tampering with evidence (tampering with clothes and tampering with the bottle). Our jurisprudence shows that a defendant may be convicted of malice murder and tampering, as the two crimes are not mutually exclusive. See *White v. State*, 287 Ga. 713 (699 SE2d 291) (2010). Accordingly, appellant's convictions for these crimes are affirmed.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED OCTOBER 4, 2010.

*Sheueli C. Wang*, for appellant.

*James B. Smith, District Attorney, Robin R. Riggs, Assistant District Attorney, Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.