### A10A1349. HOPSON v. THE STATE.
(703 SE2d 719)

ADAMS, Judge.

Jason Kyle Hopson was indicted by a grand jury on charges of rape, kidnapping, aggravated assault, aggravated sexual assault, and aggravated sodomy arising out of an incident on June 19, 2004. Then Fulton County Assistant District Attorney Ash Joshi prosecuted Hopson, and a jury convicted him of rape, but acquitted him of all other charges. Hopson appealed after the trial court denied his motion for new trial, and this Court affirmed his conviction in *Hopson v. State*, 281 Ga. App. 520 (636 SE2d 702) (2006). Hopson subsequently filed an "Extraordinary Motion for New Trial" on January 31, 2007, alleging that Joshi knew that the victim and another prosecution witness were lying in their trial testimony and that he had an ethical obligation to stop the trial at that point. The trial court denied the motion following a hearing, and Hopson appeals.

---

The evidence at the motion hearing established that sometime after Hopson's trial, Joshi left the district attorney's office and went into private practice. Hopson's family subsequently consulted Joshi and another lawyer with whom Joshi shared a suite, about Hopson's case. Hopson's family recorded the conversation, and it was played for the court during the motion hearing. In that conversation, Joshi stated he knew at one point in the trial that the victim and her friend lied on the stand. At the motion hearing, however, Joshi explained that he had made an overstatement when he said he *knew* that they had lied because it was only his opinion. He was referring to a conflict in the evidence as to whether the victim had wilfully gone with Hopson the night of the rape, or whether she was dragged to the location where the assault occurred. Joshi stated that this related only to the charge of kidnapping, not the rape charge. After the tape was played, Joshi acknowledged that he told Hopson's family that he did not believe Hopson raped the victim, but he said that his statement was "inartfully worded," and that he only meant to address the kidnapping charge. Nevertheless, Joshi told Hopson's family that for $15,000 he could get Hopson released. He told them that his name could not be on any of the pleadings because he had an absolute conflict of interest. Joshi explained at the motion hearing that he knew that he could not be involved in any representation of Hopson, but he stated that he had discussed with the other lawyer with whom he shared a suite that the lawyer would not be prevented from basing an appeal on any mistakes Joshi made at trial. Hopson's family did not retain Joshi or the other attorney, but instead turned the tape over to Hopson's trial attorney, who filed the extraordinary motion in this case.

In denying Hopson's motion, the trial court found that at the time of the recorded conversation Joshi was seeking to be hired by Hopson's family, and therefore the credibility of his statements could

> reasonably be called into question. Even assuming his remarks to be credible and sincere, the lawyer's comment constituted no more than an opinion. There is no evidence that the victim ever recanted to the prosecutor or anyone else. Moreover the facts, upon which the purported opinion was based were disclosed to trial counsel and were presented at [Hopson's] trial. Even if Joshi's comments could be considered new evidence, their only evidentiary effect would be to impeach the credibility of the victim and her friend, which evidence is insufficient to support the grant of a motion for new trial.

Under the familiar test set forth in *Timberlake v. State*, 246 Ga. 488, 491 (1) (271 SE2d 792) (1980),

> [i]t is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness.

"Implicit in these six requirements is that the newly discovered evidence must be admissible as evidence." Id. Moreover, extraordinary motions for new trial "are not favored, and a stricter rule is applied for an extraordinary motion for a new trial based on the ground of newly available evidence than to an ordinary motion on that ground." (Citation and punctuation omitted.) *Crowe v. State*, 265 Ga. 582, 590-591 (15) (458 SE2d 799) (1995).

Hopson's extraordinary motion for new trial fails under the *Timberlake* test. The evidence that came to Hopson's knowledge after the trial — that Joshi believed the victim and her friend were lying — was merely, as the trial court found, Joshi's opinion as to his trial witnesses' credibility. There was no evidence, for example, that the witnesses ever recanted their testimony. "In Georgia, the credibility of a witness is to be determined by the jury, and the credibility of a victim may not be bolstered by the testimony of another witness. Thus, a witness may not give an opinion as to whether the victim is telling the truth." (Punctuation omitted.) *O'Neal v. State*, 304 Ga. App. 548, 552-553 (2) (b) (696 SE2d 490) (2010). Evidence of Joshi's opinion would not have been admissible at Hopson's trial. In any event, under the sixth *Timberlake* factor, a new trial will not be granted because the only effect of the evidence will be to impeach a witness's credibility.

Further, no new trial is warranted on the ground of prosecutorial misconduct. The fact that Joshi believed one witness over another in the face of conflicting testimony does not provide a ground for granting a new trial. "A post-trial statement purporting to state that trial testimony was false is merely impeaching of the trial testimony and insufficient to require a new trial in the absence of evidence that the trial testimony was of the purest fabrication. *Norwood v. State*, 273 Ga. 352 (541 SE2d 373) (2001)." *Cooper v. State*, 287 Ga. 861, 862-863 (3) (700 SE2d 593) (2010) (new trial not

warranted despite witness testimony at new trial hearing that his trial testimony was false and procured by prosecutor).

Additionally, as the trial court noted, the facts that supported Joshi's opinion that the witnesses were lying — inconsistent testimony about whether she was dragged or went voluntarily to a particular area — were presented at trial. Hopson's attorney relied upon this discrepancy in closing argument, and at the motion hearing, he could point to no other outside evidence to support Joshi's conclusion. In any event, the jury reached its own conclusion on this conflicting evidence and acquitted Hopson on the kidnapping charge.

Accordingly, the trial court properly denied Hopson's extraordinary motion for new trial.*

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 23, 2010 — ▮▮▮▮▮▮▮▮

*Joseph S. Key*, for appellant.
*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney*, for appellee.

---

* In reaching this conclusion, we expressly do not condone a prosecutor's conduct in attempting to be involved in a defendant's appeal after serving as the prosecutor in his trial. As Georgia Rule of Professional Conduct 1.11 (a), Successive Government and Private Employment, provides, "[e]xcept as law may otherwise expressly permit, a lawyer shall not represent a private client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government entity consents after consultation."