S10A1538. TEASLEY v. THE STATE.

(704 SE2d 800)

CARLEY, Presiding Justice.

After a jury trial, Appellant Christopher Teasley and his brothers Emory Teasley and Tyrone Teasley were found guilty of the malice murder, felony murder, and aggravated assault of James Riden, aggravated assault of Markez Jones, possession of a firearm during the commission of a crime, and tampering with evidence. The felony murder verdict was vacated by operation of law, and the count charging aggravated assault of Riden was merged into the malice murder. The trial court entered judgments of conviction on each of the remaining guilty verdicts and sentenced Appellant to life imprisonment for murder, a consecutive five-year term for the weapons charge, and concurrent terms of 20 years for aggravated assault and three years for tampering with evidence. A motion for new trial was denied, and Appellant appeals.[*]

Construed most strongly in support of the verdicts, the evidence shows that Jones received a call informing him that his 15-year-old cousin Jarvis Evans had been beaten by Appellant and his two brothers and that Appellant and Tyrone held Evans while Emory hit him. Later on the same day, Emory called Jones, who said "it's on," and Emory responded, "One of y'all going to die." Appellant drove

---

[*] The crimes occurred on October 29, 2005, and the grand jury returned an indictment on November 8, 2005. The jury found Appellant guilty on June 29, 2006 and, on the following day, the trial court entered the judgments of conviction and sentences. The motion for new trial was filed on July 3, 2006, amended on February 2, 2010, and denied on February 8, 2010. Appellant filed the notice of appeal on February 25, 2010. The case was docketed in this Court for the September 2010 term and submitted for decision on the briefs.

his brothers through Evans' neighborhood where they saw Jones and his uncle James Riden in the latter's vehicle, slowing down and staring the Teasley brothers down. Tyrone retrieved his gun from his mother's apartment where Appellant and Emory lived. Appellant then drove his brothers to a local convenience store and pool hall.

After arriving at the pool hall, Tyrone stated that, if Jones and Riden came there with their complaint, he would kill somebody. Emory said for somebody to call them and send them up there. Jones received a phone call during which he could hear Emory saying to tell them to come on up there. The caller informed Jones that the Teasley brothers were at the pool hall. Riden drove Jones to the pool hall where Jones asked Emory why he jumped on Evans. Emory cursed at Jones, who hit Emory in the jaw. Although Tyrone testified that his brothers did not know that he had a gun, Emory told Tyrone to shoot Jones. As Tyrone was firing his gun and Jones was running away, someone said to shoot Riden, and Jones then saw his uncle drop to the ground, fatally wounded. Appellant, who had been near Emory just before the shooting, ran to his car and drove his brothers away from the scene of the crimes. Tyrone told Appellant where to drive and threw the gun out the car window into a wooded area.

Appellant contends that none of the evidence showed that he was more than merely present during commission of the crimes charged. "Our synopsis of the State's case, in which we construed the evidence in a light most favorable to the verdict[s], supports a different conclusion." *Lucky v. State*, 286 Ga. 478, 480 (1) (689 SE2d 825) (2010).

> Mere presence at the scene of a crime is insufficient to show participation in the crime. [Cit.] However, a person who does not directly commit a crime may be convicted upon proof that a crime was committed and that person was a party to it. [Cit.] And whether a person was a party to a crime can be inferred from his presence, companionship, and conduct before and after the crime was committed. [Cit.]

*Walsh v. State*, 269 Ga. 427, 429 (1) (499 SE2d 332) (1998). The evidence in this case shows that before, during, and after the commission of the crimes, Appellant was present and shared his companionship with his brothers. *Walsh v. State*, supra. Where, as here, the crimes "involve relatives, slight circumstances can support the inference that the parties colluded. [Cit.]" *Adamson v. State*, 238 Ga. App. 105, 106 (2) (516 SE2d 310) (1999). The facts that Appellant was the driver and did not actually fire the gun does not affect his convictions. *Yancey v. State*, 281 Ga. 664, 665 (641 SE2d 524) (2007).

Although Appellant asserts that the statements of his brothers were exculpatory of him and that another witness indicated that he tried to break up the fight, the evidence was not limited thereto. *Lucky v. State*, supra. The State's evidence authorized the inferences that Appellant, who had assisted his brothers in attacking Jones' cousin, was not an innocent bystander, that he drove his brothers to the crime scene knowing that Tyrone was armed, that Appellant willingly stayed with his brothers while they tried to start a fight and threatened to kill someone, and that he ran to his car and drove them away immediately after they had shot Riden. See *Yancey v. State*, supra; *Brown v. State*, 278 Ga. 724, 726 (1) (609 SE2d 312) (2004); *Walsh v. State*, supra; *Sands v. State*, 262 Ga. 367, 368 (2) (418 SE2d 55) (1992); *McWhorter v. State*, 198 Ga. App. 493 (1) (402 SE2d 60) (1991). Compare *Bullard v. State*, 263 Ga. 682, 685 (1) (436 SE2d 647) (1993); *Moore v. State*, 255 Ga. 519, 521 (1) (340 SE2d 888) (1986); *Brown v. State*, 250 Ga. 862, 864 (1) (302 SE2d 347) (1983); *Ratana v. State*, 297 Ga. App. 747, 750 (678 SE2d 193) (2009).

Appellant separately contends that the evidence was insufficient to convict him of tampering with evidence by knowingly concealing the firearm used to shoot Riden with the intent to obstruct the prosecution of Tyrone. However, even if a defendant is not involved in all of the crimes charged, those offenses may be imputed to him as an accomplice or co-conspirator because of his actions as a party to some of the crimes charged. *Beadles v. State*, 259 Ga. 519, 522 (1) (385 SE2d 76) (1989); Robert E. Cleary, Jr., *Ga. Criminal Offenses and Defenses*, p. 13, at fn. 46 (2010 ed.). Moreover, the evidence that Tyrone threw the gun out the car window as Appellant was driving him away from the crime scene is sufficient to support Appellant's conviction as a party to the crime of tampering with evidence. *Cooper v. State*, 287 Ga. 861, 862 (1) (700 SE2d 593) (2010). Compare *Cooper v. State*, supra at 862 (2) (where State did not present any evidence as to what, if anything, was done with the gun).

Accordingly, we conclude that the evidence was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Appellant was guilty as a party to all of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). However, because the crime of tampering with evidence was directly committed by Tyrone and the indictment charged the specific intent of obstructing his prosecution, Tyrone could be guilty only

> of misdemeanor tampering and therefore [Appellant as a party to that crime] could not receive a three-year sentence for commission of the crime. [Cits.] Accordingly, the three-year sentence imposed on [A]ppellant for tampering with

evidence is vacated and the case remanded to the trial court for resentencing on that conviction.

*White v. State*, 287 Ga. 713, 717-718 (1) (d) (699 SE2d 291) (2010).
   *Judgments affirmed and case remanded for resentencing. All the Justices concur.*

DECIDED JANUARY 24, 2011.

*Mary Erickson*, for appellant.
   *J. Bradley Smith, District Attorney, Robin R. Riggs, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Sheila E. Gallow, Assistant Attorney General*, for appellee.